UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x

JOSE JARAMILLO,

                Petitioner,

-against-

R. WILEY, WARDEN USP FLORENCE,

                Respondent.
------------------------------------------------------------x

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.

★      ★

BROOKLYN OFFICE

MEMORANDUM
AND ORDER
05-CV-1438 (NG)

GERSHON, United States District Judge:

Jose Jaramillo, proceeding *pro se*, petitions this Court for a writ of mandamus to compel the respondent to transfer him to a correctional facility closer to his family. The petition is denied for the reasons set forth below.[1]

## BACKGROUND

Petitioner alleges that he was transferred from FCI Edgefield, located in South Carolina to USP Florence, located in Colorado. Petitioner contends he is now located 1500 miles away from his family who live in Florida, and that there are closer correctional facilities in which he could be placed. Petitioner further alleges that the reason for the transfer was that FCI Edgefield "could no longer house high security inmates." See Memorandum in Support of Writ of Mandamus at 3 ¶ 2 ("Memorandum").

On July 31, 2003, petitioner submitted a "BP-8 Request for Administrative Remedy, Attempt at Informal Resolution" which requested clarification on his transfer. Id at ¶ 3. In response, to that request, petitioner was informed that he would "be required to wait 18 months clear conduct prior to receiving a transfer." Memorandum at 3, ¶ 3; Exhibit 1, annexed to Memorandum.

---

[1] Petitioner has not paid the filing fee to bring this action, nor moved this Court to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

1

On February 10, 2005, petitioner filed another request to be transferred closer to his family, and was informed that his request for a transfer was denied as he has a detainer lodged against him. See Inmate Attempt at Informal Resolution, Exhibit 5, annexed to Memorandum. Finally, petitioner alleges that on February 14, 2005, the staff at USP Florence prepared a request to have petitioner transferred to either USP Lewisburg or USP Allenwood, both of which are located in Pennsylvania, but that the staff has refused to process said transfer. See Request for Transfer, Exhibit 4, annexed to Memorandum.

## DISCUSSION

28 U.S.C. § 1361 provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Mandamus is considered an "extraordinary remedy," Mallard v. United States Dist. Ct. for the S. Dist. of Iowa, 490 U.S. 296, 308 (1989), that should only be issued if there is a "clear abuse of discretion" or "usurpation of the judicial power." Mallard, 490 U.S. at 309 (citations and brackets omitted).

In order to invoke mandamus relief, petitioner must show that three elements coexist: "(1) a clear right in the plaintiff to the relief sought; (2) a plainly defined and peremptory duty on the part of the defendant to do the act in question; and (3) no other adequate remedy is available." See Anderson v. Bowen, 881 F.2d 1, 5 (2d Cir. 1989); Yip v. Federal Bureau of Prisons, No. 05 CV 1314, 2005 WL 737567 (E.D.N.Y. Apr 01, 2005) (petitioner has failed to demonstrate that he "has a clear right to the relief sought," therefore writ of mandamus is denied). Here, petitioner fails to satisfy any of the prerequisites for mandamus relief as set forth in Anderson.

It is well settled that a prisoner has no constitutional right to serve a sentence in any particular institution, or to be transferred or not transferred from one facility to another. See Olim v. Wakinekona, 461 U.S. 238, 249-50 (1983), Meacham v. Fano, 427 U.S. 215, 225-28 (1976)

2

(transfer of an inmate from one correctional facility to another, without more, does not violate the inmate's constitutional rights, even where conditions in one prison are "more disagreeable" or the prison has "more severe rules."); Prins v. Coughlin, 76 F.3d 504, 507 (2d Cir. 1997). The Legislature has granted exclusive authority to the Attorney General (and the Bureau of Prisons) to designate the place of confinement for federal prisoners. 18 U.S.C. § 3621. The Bureau of Prisons (BOP) has "sole discretion" to determine the facility in which a federal prisoner should be placed. Thye v. United States, 109 F.3d 127, 130 (2d Cir. 1997); United States v. Williams, 65 F.3d 301, 307 (2d Cir. 1995); Agyeiwah v. U.S., No. 02 CIV. 296, 2002 WL 460062, *2 (S.D.N.Y. Mar 25, 2002). In fact, the BOP's discretion in making classification decisions is "virtually unfettered." Gissendanner v. Menifee, 975 F. Supp. 249, 251 (W.D.N.Y. 1997) (citation omitted).

Since the place of petitioner's confinement is within the BOP's sole discretion, this Court lacks authority to compel respondents to transfer petitioner to a correctional facility that is closer to his family. See Natural Resources Defense Council, Inc. v. Thomas, 689 F. Supp. 246 (S.D.N.Y. 1988), aff'd, 885 F.2d 1067 (2d Cir. 1989) ("[I]t is well settled that a writ of mandamus can only compel an official to perform a ministerial duty and not a discretionary act).

## CONCLUSION

Accordingly, petitioner's request for a writ of mandamus is denied. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/s/

_____
NINA GERSHON
United States District Judge

Dated: Brooklyn, New York
April 15, 2005